**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4895**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

MICHAEL PRESTON MCCLAIN,

             Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Spartanburg.  Henry M. Herlong, Jr., Senior
District Judge.  (7:11-cr-00477-HMH-1)

Submitted:  March 28, 2013          Decided:  April 2, 2013

Before GREGORY, SHEDD, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

William T. Clarke, SARRATT & CLARKE, Greenville, South Carolina,
for Appellant.  Elizabeth Jean Howard, Assistant United States
Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Preston McClain appeals his conviction and sentence for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006). McClain pled guilty and was sentenced to 120 months' imprisonment. On appeal, counsel for McClain filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious issues for appeal but questioning whether the district court properly conducted the plea colloquy, whether trial counsel was ineffective, and whether McClain's sentence was reasonable. McClain has filed a supplemental pro se brief, elaborating on counsel's arguments and alleging a violation of his right to due process and a reasonable bond. We affirm.

Prior to accepting a guilty plea, a trial court, through colloquy with the defendant, must inform the defendant of, and determine that the defendant understands, the nature of the charge to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty he faces, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1). The district court also must ensure that the defendant's plea was voluntary, was supported by a sufficient factual basis, and did not result from force or threats. Fed. R. Crim. P. 11(b)(2), (3). "In reviewing the adequacy of compliance with Rule 11, this [c]ourt should accord deference to

2

the trial court's decision as to how best to conduct the mandated colloquy with the defendant." United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991).

Because McClain did not move the district court to withdraw his guilty plea, any errors in the Rule 11 hearing are reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525-26 (4th Cir. 2002). "To establish plain error, [McClain] must show that an error occurred, that the error was plain, and that the error affected his substantial rights." United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007). Even if McClain satisfies these requirements, we retain discretion to correct the error, "which we should not exercise unless the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks and brackets omitted).

McClain argues that the district court's Rule 11 colloquy omitted the possible penalties for a violation of § 922(g) without the application of the Armed Career Criminal Act (ACCA) and that, if he had known he was facing a maximum of ten years under 18 U.S.C. § 924(a)(2) (2006), rather than a minimum of fifteen years and maximum of life under the ACCA, he would not have pled guilty. However, it was the Government's position at the time of the guilty plea that McClain was subject to the ACCA such that, even if the district court had stated the

3

penalties for § 922(g) in addition to that of the ACCA, McClain would have understood he was subject to the ACCA's mandatory minimum fifteen-year sentence. Moreover, McClain was informed at his initial appearance in the district court and by the penalty sheet filed with the indictment that the maximum penalty in the absence of the ACCA designation was ten years. We therefore conclude that the district court's omission did not affect McClain's substantial rights.

McClain also claims that the Rule 11 colloquy was inadequate because the district court neglected to advise him of the right to confront and cross-examine adverse witnesses. See Fed. R. Crim. P. 11(b)(1)(E). To establish that a district court's non-compliance with Rule 11 affected substantial rights, a defendant bears the burden of "show[ing] a reasonable probability that, but for the error, he would not have entered the plea." United States v. Dominguez Benitez, 542 U.S. 74, 76 (2004). McClain has not claimed that he would have gone to trial if the court had properly advised him of this right. We conclude that McClain has failed to satisfy his burden and that the plea was knowing and voluntary and supported by an independent basis in fact. See DeFusco, 949 F.2d at 116, 119-20.

McClain next claims that trial counsel was ineffective when he advised McClain that he was subject to the ACCA.

4

However, the record does not conclusively establish any deficient performance of counsel in this regard. See United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008) (providing standard); United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). We therefore conclude that the ineffective assistance claim is not cognizable on direct appeal. Rather, to permit adequate development of the record, McClain must pursue such a claim, if at all, in an appropriate proceeding for post-conviction relief. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010).

McClain claims that the Government made misrepresentations that he was subject to the ACCA such that he was denied his right to due process and his right to a reasonable bond. A valid, counseled guilty plea waives all antecedent, non-jurisdictional defects "not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual guilt is validly established." Menna v. New York, 423 U.S. 61, 62 n.2 (1975); see Tollett v. Henderson, 411 U.S. 258, 267 (1973). McClain's valid, unconditional guilty plea forecloses appellate review of these claims.

Finally, McClain asserts that the district court should not have considered the underlying assault as relevant conduct because he had not been convicted of that offense in

state court.  However, "[a] court may increase a defendant's sentence for uncharged and unconvicted relevant conduct provided that the conduct constitutes part of the same course of conduct or common scheme or plan as the offense of conviction." United States v. Johnson, 643 F.3d 545, 551 (7th Cir. 2011) (internal quotation marks omitted); see United States v. Grubbs, 585 F.3d 793, 798-99 (4th Cir. 2009) (holding that district court may consider acquitted and uncharged conduct so long as it is proved by preponderance of evidence).  Our review of the record therefore leads us to conclude that McClain's within-Guidelines sentence was neither procedurally nor substantively unreasonable.  See Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore decline to consider McClain's claim of ineffective assistance of counsel and affirm the district court's judgment. This court requires that counsel inform McClain, in writing, of the right to petition the Supreme Court of the United States for further review.  If McClain requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from

6

representation.  Counsel's motion must state that a copy thereof was served on McClain.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED